UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DRONE LABS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>DEDRONE HOLDINGS, INC.,<br><br>Defendant. | Case No. 19-cv-01281-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**<br><br>Docket No. 26 |

Plaintiff Drone Labs, LLC has sued Defendant Dedrone Holdings, Inc. for patent infringement. On June 4, 2019, the Court held a hearing on Dedrone's motion to dismiss the operative first amended complaint ("FAC"). This order memorializes the Court's rulings made at the hearing.

(1)  The motion to dismiss the claim for direct infringement is granted. However, Drone has leave to amend. The amendment should contain more specific allegations on "compass position" and the recalculation of the updated threat level based on the compass position.

(2)  The motion to dismiss the claim for induced infringement is also granted with leave to amend. The claim as pled is inadequate because there are insufficient allegations of direct infringement. Drone, however, has adequately pled that Dedrone took active steps to encourage direct infringement. *See, e.g.*, FAC ¶ 59 (for induced infringement, alleging that "Dedrone's website is full of material demonstrating the success of the Accused Devices in order to attract customers and induce them to infringe"; "advertising an infringing use" is inducement); FAC ¶ 61 (for induced infringement, alleging that, *e.g.*, videos and manuals "provid[e] information on how to use the drone detection system that infringes").

1     (3)    The motion to dismiss the claim for contributory infringement is granted with leave to amend. The claim as pled is inadequate because there are insufficient allegations of direct infringement. But Drone has adequately pled that the accused product has no substantial noninfringing uses, especially as, this point in the proceedings, all reasonable inferences are to be made in Drone's favor – *i.e.*, if Dedrone was selling its product or components for a specific purpose covered by the '018 patent, then it is reasonable to infer that that was its primary purpose and there were no substantial non-infringing uses. *See also Driessen v. Sony Music Entm't*, No. 2:09-cv-0140-CW, 2013 U.S. Dist. LEXIS 120309, at *7-8 (D. Utah Aug. 22, 2013) ("Where Plaintiffs have not undermined that allegation [of no substantial non-infringing uses] with allegations of other substantial non-infringing uses elsewhere in the Complaint, as in *In re Bill of Lading*, the court has no basis to find, as in *In re Bill of Lading*, that Plaintiffs have not alleged no substantial non-infringing uses sufficiently for the court to draw a plausible inference of contributory infringement.").

    (4)    The claim for willful infringement is dismissed with leave to amend. The FAC does not contain any allegations to support willful infringement prior to the filing of the original complaint. To the extent Drone asserts willful infringement based on the filing of the original complaint, there are still insufficient allegations to support a claim of willful infringement because Drone must make factual allegations to support that there was an objectively high risk of infringement and that Dedrone knew of that objectively high risk. *See LSI Corp. v. Funai Elec. Co.*, No. 15-cv-04307-EMC, 2015 U.S. Dist. LEXIS 164539, at *7-8 (N.D. Cal. Dec. 8, 2015).

    (5)    Drone has until July 5, 2019, to file an amended complaint.

    (6)    The Northern District's ESI checklist, Model Stipulated Order re ESI (Patent Cases), and Model Protective Order for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets (including the provisions on the prosecution bar and source code) are all adopted for this case. The parties shall promptly submit these three documents for the undersigned's signature.

    (7)    The ESI checklist is intended to guide the parties' discussions so that a meaningful meet and confer on discovery takes place. It is not meant to preclude discussion of other subjects

or a more in-depth discussion of subjects identified on the checklist. A party that does not engage in a meaningful meet and confer risks being sanctioned. This discussion should help clarify preservation steps and inform future discovery.

(8) The parties shall engage in a process independent of discovery under which Dedrone will make available information, *e.g.*, portions of the source code for the accused product(s), so that Drone can evaluate potential infringement or lack thereof. The parties shall meet within thirty (30) days.

(9) Other than initial disclosures and the meet and confer regarding the checklist, formal discovery is stayed until the next CMC.

This order disposes of Docket No. 26.

**IT IS SO ORDERED**.

Dated: June 5, 2019

_____
EDWARD M. CHEN
United States District Judge